UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 10-4079(DSD/JSM)

U.S. Bank, N.A., as successor
Trustee to Wachovia Bank, N.A.,
as Trustee for Chase Funding
Loan Acquisition Trust (Chase
CFLAT 2004-AQ1), by and through
Chase Home Finance, LLC as servicer,

       Plaintiff,

v.                                  **ORDER**

The Northern Trust Company and
Kanabec State Bank,

       Defendants.

      Monica L. Davies, Esq., Curtis D. Ripley, Esq., Edwin H.
Caldie III, Esq., Jennifer L. Kopischke, Esq. and
Leonard, Street and Deinard, PA, 150 South Fifth Street,
Suite 2300, Minneapolis, MN 55402, counsel for plaintiff.

      Brooks F. Poley, Esq., Brent A. Lorentz, Esq. and
Winthrop & Weinstine, PA, 225 South Sixth Street, Suite
3500, Minneapolis, MN 55402, counsel for Northern Trust.

      Stephanie A. Ball, Esq. and Fryberger, Buchanan, Smith &
Frederick, PA, 302 West Superior Street, Suite 700,
Duluth, MN 55802, counsel for Kanabec State Bank.

      This matter is before the court upon the amended motion to
dismiss by defendant The Northern Trust Company (Northern Trust).
Based on a review of the file, record and proceedings herein, and
for the following reasons, the court denies the motion.

## BACKGROUND

This insurance-proceeds dispute arises out of a mortgage loan obtained by nonparties Shayne and Elisabeth Dalbec in 2004 for real property located at 20297 Ann River Drive in Mora, Minnesota. Nonparty Chase Funding Loan Acquisition Trust (Chase CFLAT 2004-AQ1)[1] purchased the securitized mortgage loan; plaintiff Chase Home Finance, LLC (collectively, Chase) is the servicer of the loan.  The Dalbecs maintained an insurance policy on the property through nonparty Safeco Insurance (Safeco).   Pursuant to the mortgage, the Safeco policy named Chase as an additional loss payee.

A fire destroyed the property, and the Dalbec's submitted a claim to Safeco.  Compl. ¶ 16.  Chase was unaware of the fire and the claim.  Id.  On October 1, 2007, Safeco issued a check in the amount of $191,581.58 jointly payable to the Dalbecs and Chase. Id. ¶ 17.  The check was negotiated at defendant Kanabec State Bank[2] on October 29, 2007, bearing the apparent signatures of Elisabeth Dalbec and a person signing "C/O Chase" followed by a

---

[1] Plaintiff U.S. Bank, N.A. (U.S. Bank) is the successor trustee of Chase CFLAT 2004-AQ1.

[2] Kanabec State Bank is both the depository bank and a collecting bank in this action.  See Minn. Stat. § 336.4-105(2) (depository bank is first bank to take check); see id. § 336.4-105(5) (collecting bank means any bank handling check except payor bank).

number and a Chase stamp.  <u>See</u> <u>id.</u> Ex. A.  Northern Trust[3] paid the
check on behalf of Safeco.  Chase did not indorse the check, and
filed an affidavit of forgery with Safeco on March 25, 2009.  <u>Id.</u>
¶ 21.

Plaintiffs filed this action on September 28, 2010, claiming
that Kanabec State Bank and Northern Trust each converted the
check, in violation of Minnesota Statutes § 336.3-420.  Northern
Trust moves to dismiss for failure to state a claim and for failure
to join a necessary party under Rule 19.  The court now addresses
the motion.

## DISCUSSION

### I.   Failure to State a Claim

To survive a motion to dismiss for failure to state a claim,
"'a complaint must contain sufficient factual matter, accepted as
true, to state a claim to relief that is plausible on its face.'"
<u>Braden v. Wal-Mart Stores, Inc.</u>, 588 F.3d 585, 594 (8th Cir. 2009)
(quoting <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)). "A claim
has facial plausibility when the plaintiff [has pleaded] factual
content that allows the court to draw the reasonable inference that
the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S.
Ct. at 1949 (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544,

---

[3] Northern Trust is the payor bank in this action.  <u>See</u> Minn.
Stat. §§ 336.3-103(4), 336.4-105(3).

556 (2007)).    Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  See Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim.  Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

## II.  Conversion of Negotiable Instruments

Checks may be converted under Minnesota's version of the Uniform Commercial Code (U.C.C.).  See Minn. Stat. §§ 336.3-104(b), (e), (f); id. § 336.3-420(a).  The version of the U.C.C. adopted by Minnesota contains a defense, which since 1992 applies to "[a] representative, *other than a depository bank*, who has in good faith dealt with an instrument or its proceeds on behalf of one who was not the person entitled to enforce the instrument."  Id. § 336.3-420(c) (emphasis added).  Such representative "is not liable in conversion ... beyond the amount of any proceeds that it has not paid out."  Id.  Northern Trust argues that it is a representative for purposes of § 336.3-420(c), and therefore may invoke the representative defense.  Plaintiffs respond that Northern Trust is not a representative, as that term is used in the statute.

The U.C.C. defines a representative elsewhere as "a person empowered to act for another, including an agent, an officer of a corporation or association, and a trustee, executor, or administrator of an estate."  Minn. Stat. § 336.1-201(33).  The

4

Minnesota Supreme Court examined the scope of term "representative" for the representative defense under the previous version of the conversion statute, then codified as Minnesota Statutes § 336.3-419. See <u>Denn v. First State Bank of Spring Lake Park</u>, 316 N.W.2d 532 (Minn. 1982).

Former § 336.3-419 stated:

> a representative, *including a depositary or collecting bank*, who has in good faith and in accordance with the reasonable commercial standards applicable to the business of such representative dealt with an instrument or its proceeds on behalf of one who was not the true owner is not liable in conversion or otherwise to the true owner beyond the amount of any proceeds remaining in his hands.

Minn. Stat. 336.3-419 (1982) (current version at 336.3-420) (emphasis added).

In <u>Denn</u>, as here, a payee sued the depository and payor banks for converting fraudulently indorsed checks. The banks filed crossclaims, and the trial court granted summary judgment in favor of the payor bank on its crossclaim against the depository bank. Thereafter, the payee dismissed the action against the payor bank. Following trial, the court dismissed the claim against the depository bank based on the representative defense. The payee appealed, arguing that the depository bank should not be exempt from liability.

The Minnesota Supreme Court first noted that § 336.1-201 defined "representative" as "an agent, an officer of a corporation

or association, and a trustee, executor or administrator of an estate, or any other person empowered to act for another." _Denn_, 316 N.W.2d at 534 (quoting Minn. Stat. § 336.1-201(35) (1980)). It then considered the history of the representative defense and its codification. At common law, a broker was exempt from liability when dealing with stolen negotiable bonds. _Id._ at 535. The Minnesota Supreme Court determined that the drafters of the U.C.C. initially intended to exempt only those brokers who were exempt at common law, but that amendments leading to the then-current version of the statute expanded the common-law exception to brokers, collecting banks and depository banks. _Id._ at 535-36 (quoting § 336.3-419, "a representative, including a depositary or collecting bank"). Notably, the court only expanded the meaning of "representative" to include the entities named in the statute. As a result, a payee could not proceed against the depository bank directly because it was exempt, but rather had to sue the payor bank. _Id._ at 535-37. The principle underlying _Denn_ is that payor banks are not absolved by the representative exception.

In 1992, the Minnesota Legislature adopted revised article 3 of the U.C.C. The revised code eliminated the representative defense for depository banks, because "[t]he depository bank is ultimately liable in the case of a forged indorsement check because of its warranty to the payor bank." _See_ Minn. Stat. § 336.3-420 cmt. 3; _see also_ _Denn_, 316 N.W.2d at 537 ("[T]he people of

Minnesota would benefit from a change which would hold a depository bank directly liable to the true payee."). The comments to § 336.3-420 further state: "In revised Article 3, the defense provided by Section 3-420(c) *is limited to collecting banks other than the depository bank*." Minn. Stat. § 336.3-420 cmt. 3 (emphasis added). Payor banks are not collecting banks. <u>Id.</u> § 336.4-105(5).

The relevant difference between the statute as interpreted in <u>Denn</u> and the present statute is the removal of depository banks as "representatives." The Minnesota Legislature was aware of <u>Denn</u> when it amended the statute, and it did not expand the meaning of representative. Payor banks were not absolved in the previous version of the statute, and the revision narrowed the scope of the representative defense. Therefore, the interpretation of Northern Trust is inconsistent with the interpretation of the Minnesota Supreme Court.

Indeed, commentators note the error of the expansive interpretation suggested by Northern Trust: "[O]ne might argue that even the drawee is a 'representative' who is freed from liability under 3-420(c). That is wrong. The comment and the history show that the drawee bank[4] converts when it pays over a forged indorsement and that the drawee is not merely a 'representative.'" 2 James J. White & Robert S. Summers, <u>Uniform Commercial Code</u> § 18-

---

[4] The term "drawee bank" is snyonymous with "payor bank."

7

4 (5th ed. 2008). Therefore, based on the interpretation of the Minnesota Supreme Court, the language of the statute and its evolution from the common law, the court determines that the Minnesota Supreme Court would not expand the representative defense to include Northern Trust as a representative for purposes of § 336.3-420, and dismissal is not warranted on this basis.

## II.  Failure to Join a Party Under Rule 19

Northern Trust next argues that dismissal under Rule 12(b)(7) or compulsory joinder of homeowners Shayne and Elisabeth Dalbec is warranted because they are required parties under Rule 19(a) of the Federal Rules of Civil Procedure. Rule 19(a) states:

> 1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). Inquiry under Rule 19(a) focuses "on relief between the parties and not on the speculative possibility of

8

further litigation between a party and an absent person." <u>LLC</u> <u>Corp. v. Pension Ben. Guar. Corp.</u>, 703 F.2d 301, 305 (8th Cir. 1983).

In the present case, Chase claims an interest in the check. The face of the check establishes the existence of the interest, but not the extent of that interest. The Minnesota conversion statute limits potential recovery to "the amount of the plaintiff's interest in the instrument." Minn. Stat. § 336.3-420(b). According to Chase, the Dalbecs gave a mortgage on the insured property, and the outstanding balance of the mortgage loan exceeds the value of the check. As a result, Chase claims that it is entitled to the full amount payable on the check.

Northern Trust first argues that complete relief in this case is not possible if the Dalbecs are absent from this action. However, discovering evidence of the existence of a mortgage-loan obligation, the amount of that obligation and the nature of the insurance claim submitted does not require the Dalbecs as parties. Indeed, these issues might be resolved without participation by the Dalbecs. The present dispute is between Chase and the banks that accepted and paid the check. Therefore, the Dalbecs are not necessary parties under Rule 19(a)(1)(A).

Northern Trust next argues that the Dalbecs have an interest in the subject of the action and their absence from this action will impede their ability to protect that interest. Even if the

Dalbecs may claim an interest in some or all of the value of the check, it appears that they have realized that interest. The present action does not concern whether the Dalbecs committed check fraud. Instead, it involves whether Northern Trust and Kanabec State Bank converted a check for which Chase was a payee. The mere possibility that a party to this action might bring a separate suit against the Dalbecs does not make them necessary parties to the instant conversion dispute.

Northern Trust also argues that should Chase be entitled to some or all of the value of the check, then Northern Trust or Kanabec State Bank could be subject to double obligations. This argument is without merit: for Chase to prevail, it would have to show that one or both banks unlawfully converted the check, and the Dalbecs have already received the amount payable of the check. The Dalbecs appear not to have a conversion claim against the banks; they have already received the full amount payable. The court has already noted that the possibility of a separate action by Kanabec State Bank or Northern Trust against the Dalbecs does not make them necessary to the instant action. Therefore, the Dalbecs are not necessary parties under Rule 19(a)(1)(B), and dismissal or compulsory joinder is not warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to dismiss [ECF No. 14] is denied.

Dated: June 22, 2011

s/David S. Doty
David S. Doty, Judge
United States District Court